# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

## No. 95-20554
### Summary Calendar

_____

DOROTHY LEHN,

Plaintiff-Appellant,

versus

MONTGOMERY COUNTY HOSPITAL DISTRICT;
HEALTHTRUST INC., doing business as Medical Center Hospital;
RALPH PEARCE, M.D.,

Defendants,
and

MONTGOMERY COUNTY HOSPITAL DISTRICT

Defendant-Appellee.

_____

### Appeal from the United States District Court
### for the Southern District of Texas
### (CA-H-93-2676)

_____

January 31, 1996

Before DAVIS, BARKSDALE, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Dorothy Lehn appeals the summary judgment granted her former employer, Montgomery County Hospital District.[1] We **AFFIRM**.

I.

Lehn does not challenge the district court's recitation of the facts. She worked as a nurse in the Hospital's endoscopy department, with her duties requiring her to assist doctors,

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

[1] Lehn does not appeal the dismissal of her claims against Dr. Ralph Pearce.

including Dr. Pearce. Dr. Pearce, who was not employed by the Hospital, served as director of its endoscopy department and had staff privileges.

While Lehn was assisting Dr. Pearce on December 19, 1991, the two argued regarding their attitudes toward one another; Dr. Pearce referred to Lehn as a "fucking bitch". On January 8, 1992, Lehn submitted an incident report, complaining about the confrontation, to a head nurse.

Approximately a month later, a hospital administrator met with Lehn and inquired about a past tardiness problem. Lehn was transferred on February 10, from the endoscopy department for tardiness and "dysfunctional behavior", including conflicts with physicians. But, on February 11, the administrator informed Lehn that she would be reinstated, on a probationary basis, to the endoscopy department effective the following day.

Dr. Pearce and Lehn had a second confrontation on February 12, 1992, with another nurse present, during which Dr. Pearce argued with Lehn regarding her filing the incident report and again referred to her as a "bitch". That March 24, Lehn was placed on suspension and advised that a pretermination hearing would be held two days later.

Lehn filed a complaint against the Hospital with the EEOC on March 25, 1992, in which she asserted that she had been subjected to verbal harassment on the basis of her sex. Lehn was informed by the Hospital on April 16, 1992, that no disciplinary action would be taken against her, but that she would be transferred to the

radiology department, where her hours, wages, and benefits would remain the same. (Lehn asserted in district court that, as a result of the transfer, overtime was no longer available and call pay was less frequently available to her.) Lehn resigned voluntarily in September 1993.

## II.

Lehn appeals the summary judgment granted the Hospital. We review a summary judgment *de novo*. *E.g., **Nowlin v. Resolution Trust Corp.**, 33 F.3d 498, 501-02 (5th Cir. 1994).

## A.

As Lehn concedes, Dr. Pearce was not an employee of the Hospital, nor was he her Title VII "employer". Therefore, she presents an "opposition clause" claim, premised on the claimed unlawful response by the Hospital to her incident report.[2] Restated, Lehn voluntarily dismissed her claim that the Hospital discriminated against her on the basis of her sex and pursued only the "opposition clause" claim premised on the Hospital's alleged retaliation against her for filing the report.[3]

---

[2]  *See* 42 U.S.C. § 2000e-3(a), which provides:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees ... because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

[3]  Lehn's deposition contained the following colloquy:

> Q:  What about the hospital itself, the administration, did you ever feel like they

No question of material fact existed with regard to whether Lehn had, at any time, held a reasonable belief that the conduct she opposed, as expressed in her incident report (Dr. Pearce's language), constituted a violation of Title VII by her employer, the Hospital. Such a belief is necessary to succeed on an opposition clause claim in this circuit. *See* **Payne v. Wholesale & Retail Stores**, 654 F.2d 1130, 1140 (1981) (requiring plaintiff to show "that he had a reasonable belief that the employer was engaged in unlawful employment practices"), *cert. denied*, 455 U.S. 1000 (1982). Lehn neither believed the Hospital had discriminated against her based upon her sex, nor did she believe that Dr. Pearce was her employer.

### B.

To the extent that Lehn's brief may be construed as an assertion that the district court erred by failing to find that the Hospital violated Title VII by maintaining a hostile work environment, because no such argument was raised below, we review only for plain error. We will exercise our discretion to correct errors not raised below only if the error is clear or obvious and affects substantial rights, and if the error is of the type that refusal to correct it would bring disrepute upon the judiciary. *See* **Highland Ins. Co. v. National Union Fire Ins. Co.**, 27 F.3d

---

treated you differently because of your sex, because you were female?

A: The hospital, no, I did not feel that they treated me differently as an employee because of my sex, no.

- 4 -

1027, 1031-32 (5th Cir. 1994) (applying plain error review in civil case) *cert. denied*, __ U.S. __, 115 S.Ct. 903 (1995); *see also*, *United States v. Calverly*, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc) (if appellant shows clear or obvious error that affects his substantial rights, appellate court has discretion to correct errors that seriously affect fairness, integrity, or public reputation of judicial proceedings), *cert. denied* __ U.S. __, 115 S.Ct. 1266 (1995).

At the first step of our plain error analysis, we find no "clear" or "obvious" error in light of the sporadic nature of the incidents; hostile work environment claims must be based upon more severe or pervasive incidents. *See* **Meritor savings Bank, FSB v. Vinson**, 477 U.S. 57, 67 (quoting **Rogers v. EEOC**, 454 F.2d 234, 238 (5th Cir. 1971) *cert. denied*, 406 U.S. 957 (1972), for proposition that mere utterance of epithet which engenders offensive feelings in employee would not affect conditions of employment to sufficiently significant degree to violate Title VII).  There was no plain error.

III.

For the foregoing reasons, the judgment is

**AFFIRMED**.

- 5 -